**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | **Case No.: 19-16788** |
| Heather N Lightle | : | **Chapter 13** |
| Thomas J Lightle | : | **Judge Eric L. Frank** |
| | : | * * * * * * * * * * * * * * * * * |
| Debtor(s) | : | |
| | : | |
| Wells Fargo Bank, N.A. | : | **Date and Time of Hearing** |
| Movant, | : | **May 10, 2022 at 09:30 a.m.** |
| | : | |
| vs | : | |
| | : | **Place of Hearing** |
| Heather N Lightle | : | **U.S. Bankruptcy Court** |
| Thomas J Lightle | : | **900 Market Street, Suite 400, Courtroom #1** |
| | : | **Philadelphia, PA, 19107** |
| | : | |
| Kenneth E. West | : | |
| Respondents. | : | **Related Document # 71** |

## STIPULATION FOR SETTLEMENT OF CREDITOR WELLS FARGO BANK, N.A. MOTION FOR RELIEF FROM AUTOMATIC STAY FOR PROPERTY LOCATED AT 1314 7TH AVE, SWARTHMORE, PA 19081 (DOCKET # 71)

This matter coming to be heard on the *Motion for Relief from Stay* (Dkt. #71) which was filed in this court by Wells Fargo Bank, N.A. ("Movant"), Movant and Heather N Lightle and Thomas J Lightle by and through counsel (collectively, "Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1.     The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2.     The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of January 1, 2022 through May 2022, incurring a total post-petition arrearage of $8,880.65, which consists of 5 post-petition payments for January 1, 2022 through May 1, 2022 at $1,776.13 each. There is $1,390.38 in suspense, which reduces the total post-petition arrearage to $7,490.27.

3.     Debtor shall repay the total post-petition arrearage of $7,490.27 directly to the Movant.

4.     Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the June 1, 2022 post-petition payment.

5.     Movant must receive the following payments by the corresponding dates:

1

    a.    $1,248.38 plus the June 2022 post-petition mortgage payment on or before the last day of that month;

    b.    $1,248.38 plus the July 2022 post-petition mortgage payment on or before the last day of that month;

    c.    $1,248.38 plus the August 2022 post-petition mortgage payment on or before the last day of that month;

    d.    $1,248.38 plus the September 2022 post-petition mortgage payment on or before the last day of that month;

    e.    $1,248.38 plus the October 2022 post-petition mortgage payment on or before the last day of that month;

    f.    $1,248.37 plus the November 2022 post-petition mortgage payment on or before the last day of that month.

6.    The Debtor hereby agrees to resume monthly mortgage payments outside the Plan directly to Movant for the June 1, 2022 regular monthly mortgage payment and to make all further payments on or before the date on which it is due.

7.    Payments must be sent directly to Wells Fargo:

Wells Fargo Home Mortgage
PO Box 14507
Des Moines, IA 50306

8.    Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

9.    The following are events of default under this Stipulation:

    a.    Debtor's failure to remit any future monthly mortgage payment on or before the date on which it is due;

    b.    Debtor's failure to remit any of the above listed payments on or before the corresponding due date.

10.    In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

11.    Debtor's opportunity to cure the default shall be limited to three occurrences. Upon the fourth default occurrence, without notification to the Debtor and their attorney, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

12.    This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates their case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

13.    If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: 5/9/2022

BY: /s/ Alyk L. Oflazian

Alyk L. Oflazian (312912)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
614-220-5611; Fax 614-627-8181
Email: ALOflazian@manleydeas.com
Attorney for Creditor

Dated: 5/9/22

BY: Brad J. Sadek
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

/s/ Kenneth E. West    No objection to its terms, without prejudice to any of our rights and remedies
Kenneth E. West
Office of the Chapter 13 Standing Trustee
1234 Market Street - Suite 1813
Philadelphia, PA  19107

3